CHRISTOPHER B. KEOGH, RESPONDENT, *v.* JOHN McMANUS, APPELLANT, AND CORNELIUS DOREMUS, RESPONDENT.

*Foreclosure — receiver of the rents and profits of the premises — disposal of the fund in payment of a subsequent mortgage.*

In this action, brought by the plaintiff to foreclose a mortgage for $1,900, given by the defendant McManus and wife, a receiver of the rents, issues and profits of the premises was appointed. Upon the sale an amount was realized suffi_ cient to discharge the amount due to the plaintiff, together with the costs, and leave a surplus, which was applied upon a second mortgage given by the said McManus, and which when so applied left still due thereon the sum of $110.58. There was a balance of rents collected in the hands of the receiver amounting to $351.10. The court directed that $110.58 of this should be paid to the holder of the second mortgage and the balance thereof to McManus.

*Held,* that this was proper.

*Washington Life Insurance Company* v. *Fleischaur* (10 Hun, 117) distinguished.

APPEAL from an order directing the distribution of moneys collected by McManus, as receiver, during the pendency of this action.

*E. H. Moeran,* for the appellant.

*Everett D. Barlow,* for the respondent Doremus.

DANIELS, J.:

By the judgment in the action a mortgage was foreclosed which had been executed by McManus and his wife to the plaintiff to secure the sum of $1,900; and a sale under it was made of the mortgaged property. The amount for which the property was purchased was the sum of $3,000, out of which the plaintiff's mortgage was paid, together with the costs and expenses of the foreclosure. The aggregate of these sums was $2,363.58, leaving a surplus of $636.42. The defendant McManus had also executed a mortgage to Peter Doyle for the sum of $675 and interest, which was subsequent to the plaintiff's mortgage, and Cornelius Doremus, who was the owner of the last mortgage, was a party to the foreclosure suit. The surplus left after payment of the plaintiff's mortgage was applied towards the payment of the mortgage held by Doremus. After so applying it a balance remained due thereunder amounting to the sum of $110.58. While the action was pending McManus col-

lected, as receiver, from the estate the sum of $492, and after deducting $116.30, paid out by him, and his commissions of twenty-four dollars and sixty cents, there remained a balance of $351.10. By the order from which the appeal has been taken $110.58 of this amount was applied to the payment of the residue of the mortgage debt owing to Doremus under the mortgage to Doyle, and the residue was allowed to be retained by McManus the receiver and owner of the equity of redemption in the land. The order appointing him receiver did not make the appointment specially for the benefit of either of the parties to the action, but it in general language appointed McManus receiver of the rents, issues and profits of the premises mentioned and described in the complaint, which would subject the fund received to the general equities arising in the action, and authorized it to be distributed as the justice of the case might indicate. And as the mortgage held by Doremus had been made by McManus, and this balance was left unpaid after exhausting the proceeds of the sale under the judgment, and the rents collected issued out of the same property, it was both just and right that so much of the amount should be applied to the payment of the last mortgage as was necessary for its satisfaction. The order differed from that which was made in *Washington Life Insurance Company* v. *Fleischauer* (10 Hun, 117), and the other cases there referred to. For in them the receivership was specially for the benefit of a particular party, while in this it was general, and, consequently, for the benefit of all the parties to the action, and having been made in that form the fund received under it was liable to whatever disposition appeared to be equitable under the circumstances of the case, and it was clearly equitable to order payment of the residue of the mortgage debt due to Doremus to be made out of this fund.

But if the order appointing the receiver should be construed to be for the sole benefit of the plaintiff, the same result would follow as to the right of the holder of the last mortgage to be benefited by the fund received. For under that construction the plaintiff would have a clear right to resort to the moneys secured by the receiver for the partial satisfaction of his mortgage, and to obtain payment of the residue out of the fund created by the proceeds of the sale, and that, if it had been done, would have enabled the holder of the last mortgage to obtain

complete satisfaction of the debt due to him out of the balance of the proceeds of the sale. And it is a general principle in equity " that if one party has a lien on, or interest in, two funds for a debt, and another party has a lien or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first instance for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not trench upon the rights or operate to the prejudice of the party entitled to the double fund." (Story's Eq. [12th ed.], § 633.)

That was the situation of the parties holding these mortgages against the property of the defendant. The plaintiff had the fund created by the sale, as well as that derived from the rents in the hands of the receiver, to which he could resort for payment of his judgment, while the defendant was limited to the proceeds of the sale of the land. And under this principle the plaintiff could have been obliged by a proper order for that purpose to have exhausted the fund created by the rents before availing himself of that arising out of the sale of the land, and that would have permitted the holder of the last mortgage to have obtained complete satisfaction of his demand. Where, for any reason, the party having this right to resort to two different funds fails to do so, as the plaintiff did in this instance, and obtains satisfaction out of the common fund, there the law will allow the party having the right against one of the funds alone, to stand in the place of the other, so far as that other may have exhausted the fund available alone to him, to obtain satisfaction of his demand. The law, in other words, allows the party, who has been deprived of his right to payment by the other creditor improperly exhausting the common fund, to be subrogated to the rights of that creditor to obtain satisfaction of his debt. It has been stated to be very certainly the law, " that whenever a creditor, by his election to take one of two funds to which alone another creditor has the right to resort, deprives the latter of his claim to that fund, he will be permitted in equity to stand in the place of that creditor in regard to the other fund." (1 Story's Equity [12th ed.], p. 615, note 1.) If satisfaction has been already obtained by him, who has the double security, out of the fund to which alone the other can

resort, the court will allow the latter claimant to stand in the place of the former *pro tanto*. This was maintained as a well settled principle by a note of the reporter who collected the authorities and added them to the case of *Averall* v. *Wade* (1 Lloyd & Goold, 264, 268), and the principle has been sanctioned and approved by the more modern authorities. (*Eddy* v. *Traver*, 6 Paige, 521; *Graham* v. *Dickinson*, 3 Barb. Ch., 169; *Couch* v. *Delaplaine*, 2 Comst., 397; *Slade* v. *Van Vechten*, 11 Paige, 21, 26.) It follows, therefore, as the plaintiff elected to and did receive satisfaction of his prior mortgage out of the proceeds of the sale of the land, without resorting to the fund created by the rents in the hands of the receiver, and in that manner diminished the proceeds of the land to such an extent as to deprive the holder of the last mortgage of the power of obtaining satisfaction of his debt out of that fund, that he had the equitable right to resort to the fund created by the rents for the payment of the residue of his mortgage debt. And that having been the disposition which was made of the case by the order from which the appeal has been taken, it should be affirmed, with ten dollars costs, besides the disbursements.

DAVIS, P. J., and BRADY, J., concurred

Order affirmed, with ten dollars costs and disbursements.